UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TOMMY R. McGUIRE,

        Petitioner,

v.

MARK INCH et al.,

        Respondents.[1]

9:19-CV-1220
(GLS/CFH)

---

APPEARANCES:

TOMMY R. McGUIRE
Petitioner, pro se
542512
Suwannee Work Camp
5964 US Highway 90
Live Oak, FL 32060

OF COUNSEL:

GARY L. SHARPE
Senior United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

Tommy R. McGuire filed a "Petition for New or Independent Action (Pursuant to Rule 60(B) Federal Rules of Civil Procedure," as well as an application to proceed in forma pauperis (IFP). Dkt. No. 1, Petition; Dkt. No. 2, IFP Application.

## II.    PETITION

Petitioner styles his petition as one pursuant to Rule 60(b), yet he requests that the

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). None of the named respondents appear to meet the Rule 2(a) requirement; however, because this action is ultimately being dismissed, the Clerk will not be directed to update the caption with the correct respondent.

Court vacate a 2003 judgment from the United States District Court for the Middle District of Florida, which denied his petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. *See generally* Pet. Petitioner was sentenced on March 4, 1999 to thirty years' imprisonment in the Florida Department of Corrections, and, on September 27, 2000, that sentence was affirmed. Pet. at 41. Petitioner subsequently filed a petition for habeas corpus which, on August 1, 2003, was denied by the Middle District of Florida. Pet. at 22-28; *see McGuire v. Secretary, DOC, et al.*, No. 3:02-CV-0687 (M.D. Fla.), Dkt. No. 1, Pet.; Dkt. No. 10, Am. Pet.; Dkt. No. 16, Order Denying Amended Petition dated Aug. 1, 2003.

Several years later, petitioner filed a "Rule 60(b) Petition as Independent Action" in the Middle District of Florida alleging that "there [wa]s newly discovered evidence (his defense attorney's response to a bar complaint) that his attorney perpetrated a fraud upon the state trial court[.]" Pet. at 45. The court also noted that "Petitioner previously raised [the same issue] in two post-judgment motions . . . and another independent action . . . filed in the United States District for the Northern District of Florida." *Id.* at 45-46. Moreover, the court noted that "the Eleventh Circuit Court of Appeals denied petitioner's application to file a second or successive petition raising the same claims that petitioner attempts to present in the petition in th[at] case." *Id.* at 46. The motion was denied by the Middle District of Florida on June 20, 2011. *Id.* at 48.

### III. OTHER HABEAS PETITIONS

Since that time, petitioner has filed five additional actions presenting these same claims in various district courts throughout the country. *See McGuire v. Jones et al.,* No. 4:16-CV-1569, Dkt. No. 1, Petition (N.D. Ca. 2016); *McGuire v. Jones et al.*, No. 2:16-CV-

2

13740, Dkt. No. 1, Petition (E.D. Mich. 2016); *McGuire v. Jones et al.*, No. 3:17-CV-2260, Dkt. No. 1, Petition (S.D. Ca. 2017); *McGuire v. Jones et al.*, No. 1:17-CV-9564, Dkt. No. 2, Complaint (S.D.N.Y. 2017); *McGuire v. Jones et al.*, No. 1:18-CV-7185, Dkt. No. 1, Petition (E.D.N.Y. 2018). The cases have either been transferred back to the Middle District of Florida and subsequently dismissed, or dismissed outright. *See McGuire v. Jones et al.*, No.3:16-CV-0508, Dkt. No. 7, Transfer Order from Northern District of California, Dkt. No. 19, Decision and Order Dismissing Petition with Prejudice (M.D. Fl. 2016); *McGuire v. Jones et al.*, No. 3:16-CV-1336, Dkt. No. 3, Transfer Order from Eastern District of Michigan, & Dkt. No. 9, Order Dismissing Petition with Prejudice (M.D. Fl. 2016); *McGuire v. Jones et al.*, No.3:18-CV-0576, Dkt. No. 8, Transfer Order from Southern District of New York, & Dkt. No. 14, Order Dismissing Petition with Prejudice (M.D. Fl. 2018); *McGuire v. Jones et al.*, No. 1:18-CV-7185, Dkt. No. 4, Order Dismissing Petition (E.D.N.Y. 2019).

### III.  DISCUSSION

Petitioner presently asserts that the Middle District of Florida did not have jurisdiction over his habeas petition and asks this Court to independently review that court's rulings. Pet. at 1-2. In support of his argument, petitioner relies on *Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730 (2d Cir. 1980), which upheld a district court's ability to vacate another court's entry of a default judgment where the other court lacked personal jurisdiction over the party against whom the judgment was entered. *Id.* at 732-33. However, petitioner's reliance on this case was misplaced as the Middle District of Florida had jurisdiction to preside over petitioner's claims.

A petitioner "in custody under the judgment and sentence of a State court," may file

3

his habeas petition "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). Petitioner was convicted in Columbia County and is currently incarcerated in Suwannee County, both of which are located in the Middle District of Florida. 28 U.S.C. § 89(b). Because both the place of incarceration and the place of conviction and sentencing are located within the same district, the Middle District of Florida seems to be the appropriate forum for this action. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky*, 410 U.S. 484, 497-98 & n.13 (1973). A case brought in the wrong venue should be dismissed unless the interests of justice compel a transfer. 28 U.S.C. § 1406(a).

There are two reasons why the interests of justice do not support a transfer back to Florida and the case should be dismissed instead. First, the petitioner specifically requested that this action not be transferred back to the Middle District of Florida. Pet. at 1. Accordingly, given petitioner's request, the Court will honor it and, instead of transferring the petition, dismiss the action.

Second, this Court does not have jurisdiction over the petition as it is successive. While petitioner styles this motion as one pursuant to Rule 60(b), it is, at its heart, a successive habeas petition. Petitioner is challenging the same judgment of conviction that he challenged in his 2003 habeas petition, which was denied and dismissed on the merits. Pet. at 22-28; *see McGuire v. Secretary, DOC, et al.*, No. 3:02-CV-0687 (M.D.Fla.), Dkt. No. 1, Pet.; Dkt. No. 10, Am. Pet.; Dkt. No. 16, Order Denying Amended Petition dated Aug. 1, 2003. Ordinarily, when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit

4

pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *See Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).[2]

However, in this instance, dismissal of the instant petition is warranted because it is an abuse of the writ. "District courts have the power to dismiss a *habeas corpus* petition *sua sponte* for abuse of the writ by barring claims that could have been or *were raised* in an earlier habeas petition." *United States v. Lugo*, 100 F. Supp. 3d 285, 291 (E.D.N.Y. 2015) (internal citation marks and questions omitted); *see Rios*, 2013 WL 6195752, at *2 ("Under the common law 'abuse of the writ' doctrine, a court has discretion to dismiss a § 2241 habeas petition that has been premised on mere 'repetition of a previously asserted claim.'") (citing *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004)).

Petitioner's present petition recycles the exact same argument – that there was newly discovered evidence that a fraud was perpetrated on the Court – that he has previously asserted in two post-judgment motions, another independent petition filed in district court, and in his motion to file a second or successive habeas petition which the Eleventh Circuit Court of Appeals denied. Pet. at 45-46. Petitioner has continued to raise these identical arguments in district courts throughout the country, and they have been similarly dismissed.

---

[2] The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3). *See* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).

Petitioner does not presently argue any change of facts or circumstances, or identify any new or relevant intervening changes in the law which would warrant this Court considering his claim anew. Accordingly, no prejudice will ensue from the Court's *sua sponte* invocation of the doctrine because the question of whether petitioner's present argument should entitle him permission to file another habeas petition was already denied by the Eleventh Circuit.

"This [p]etition is essentially an attempt to get another bit at the apple[.]" *See Agoro v. United States*, No. 1:09-CV-1818, 2011 WL 1330771, at *3 (concluding the abuse of the writ doctrine compelled dismissal where "petitioner br[ought] the identical claims immediately after the Court's dismissal of his [prior habeas claims.]"). Given the equitable nature of habeas corpus cases, petitioner's conduct in continuing to file the same claims which were previously considered and denied by several other competent courts in a number of jurisdictions also precludes him from relief. *See Esposito v. Ashcroft*, 288 F. Supp. 2d 292, 296-97 (E.D.N.Y. 2003), *judgment aff'd*, 392 F.3d 549 (2004) (discussing how a petitioner's conduct in failing to appeal a ruling he subsequently argues in incorrect had a significant bearing on determining he abused the writ).

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

October 8, 2019
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge